E-FILED
Thursday, 13 October, 2005   12:42:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) Case No. 05-1205 | |
| JAIME MICHELLE MORRIS, | ) | |
| Defendant. | ) | |

FILED
OCT 1 3 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## DEFAULT JUDGMENT OF FORECLOSURE

This matter having come on to be heard upon the plaintiff's complaint, and the subsequent pleadings, on this day and this Court, having considered the evidence and being advised in the premises, makes these FINDINGS:

I.  **JURISDICTION**

That this Court has jurisdiction of the parties to and the subject matter of this suit. That the defendant **Jaime Michelle Morris**, was served with a copy of the complaint by certified mail on **July 22, 2005**, and acknowledged waiver of service of summons by mail, pursuant to Rule 4, Federal Rules of Civil Procedure, on **August 19, 2005**. That said defendant has not answered or otherwise pleaded to said Complaint filed herein and consequently is in default for defendant's failure to so appear, answer, or otherwise plead in this cause in the time and in the manner as provided by the Federal Rules of Civil Procedure and the Rules of this Court.

II. **EVIDENTIARY FINDINGS**

1.  Default is hereby entered against the above-named defendant, **Jaime Michelle Morris**, for defendant's failure to appear, answer or otherwise plead in this cause in the time and manner as provided by the Federal Rules of Civil Procedure and the Rules of this Court.

2.  The material factual allegations stated in the plaintiff's complaint filed herein have not been denied in any responsive pleading.

3.  The plaintiff has filed a motion that the court enter a Default Judgment of Foreclosure in this cause and has filed with said Motion the Affidavit of **Marianne Nixa**, Acting State Director, Rural Economic and Community Development, f/k/a Farmers

Home Administration, setting forth that as of **September 21, 2005,** there was due the plaintiff under the Note and Mortgage hereinafter described the sum of **$47,892.11** plus a per diem accrual of **$7.6554** thereafter to date of judgment and no objection being made to said Motion or Affidavit of said Motion, said Motion is allowed.

4. That the following are names of persons that may have claimed an interest in the above-described property, but who are foreclosed from asserting their claim, if any, because of their default in this action: **Jaime Michelle Morris**.

5. That all of the material allegations contained in the complaint are true and that by virtue of the mortgage and indebtedness thereby secured, the plaintiff, UNITED STATES OF AMERICA, has a valid and subsisting lien arising out of a real estate mortgage on the property described as follows:

> **Lots Four (4) and Five (5) in Block Two (2) Humphrey's Fifth Addition to the City of Hamilton, County of Hancock, State of Illinois**
>
> **PIN No. 11-32-426-000**
> **PIN No. 11-32-425-000**

6. That by virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, there is due the plaintiff, UNITED STATES OF AMERICA, as follows:

> a) For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Marshal's Costs for Service of Summons | $00.00 |
| Recording Notice of a Suit to Foreclose Mortgage | $32.00 |
| Recording **Release** of Notice of a Suit to Foreclose Mortgage | $32.00 |
| Docket Fee | $250.00 |
| Title Cost | $00.00 |
| Cost of Notice of Publication | $00.00 |
| TOTAL | $314.00 |

> b) Unpaid principal and interest:

Unpaid principal balance .............................. $37,040.59

Accrued interest at **$7.6554** per day
due and unpaid as of **September 21, 2005** ............... $6,446.51

Escrow Shortage ...................................... $207.75

Late Charges ........................................ $60.33

Interest Assessed on Fees ............................. $218.51

Fees Assessed ...................................... $3,604.42

Total amount due plaintiff as of
**September 21, 2005**, exclusive
of foreclosure costs ................................ $47,578.11

c)     In addition, the plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs or procuring abstracts of title, certificates, foreclosure minutes, a title insurance policy and fees, charges, and expenses provided by law incurred by or owing to the United States Marshal, including such fees and expenses relating to conducting of the judicial sale as required by this judgment of foreclosure.

d)     Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate, from the date on which such advances are made.

e)     In order to protect the lien of the mortgage, it may or has become necessary for plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

f)     In order to protect and preserve the mortgaged real estate, it may also become necessary for the plaintiff to make such repairs to the real estate as may reasonably be deemed necessary for the proper preservation thereof.

g)     Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage

and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

7. That the present owner of the above-described real estate is: **Jaime Michelle Morris.**

8. That **Hancock** County, Illinois, has a valid lien on the above-described property for taxes for the years **2003, 2004,** and thereafter and the property will be sold subject to the interest of **Hancock** County, resulting from taxes, general or special, which are a valid lien against the above-described property.

9. That the above-described property is abandoned and plaintiff is entitled to a shortened redemption period pursuant to statute.

10. By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by the plaintiff or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the mortgage.

11. Any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

12. Any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

13. All lien or mortgage claimants defaulted are found and declared to have no interest in the real estate foreclosed, as they have offered no evidence of said interest.

14. Said real estate is free and clear of all liens and encumbrances except:

   a) General real estate taxes for the years **2003, 2004,** and thereafter and special assessments, if any.

   b) Said mortgage given to plaintiff.

   c) Easements and restrictions of record.

15. Plaintiff's said mortgage is prior and superior to all other mortgages, claims of interest and liens upon said real estate except for real estate taxes and special assessments, if any, and except for any mortgages or liens found herein to be prior and superior to plaintiff's mortgage or prior liens of non-parties.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

### III. ORDER UPON DEEMED REQUEST FOR FORECLOSURE

1. An accounting has been taken under the direction of the court of the amounts due and owing to the plaintiff as declared herein.

2. The defendant is ordered to pay to the plaintiff before expiration of any redemption period whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings to the extent provided in the mortgage or by law.

3. In default of such payment in accordance with this judgment, the mortgaged real estate shall be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in this judgment, together with the interest thereon at the statutory judgment rate from the date of the judgment.

4. In the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amounts due under the judgment for the foreclosure and order confirming the sale.

5. In the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to statutory provisions, the defendant made a party to the foreclosure in accordance with statutory provisions, and all non-record claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate.

6. If no redemption is made prior to such sale, a deed shall be issued to the purchaser thereat according to law and such purchaser shall be let into possession of the mortgaged real estate in accordance with statutory provisions.

### IV. ORDER UPON SPECIAL MATTERS

1. Exceptions to which title in the real estate shall be subject at the sale shall include all applicable general real estate taxes including those which have not become due and payable as of the date of this judgment and any special assessments upon the real estate and easements and restrictions of record.

2. In the event any party to this foreclosure is a successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate all amounts due such party under this judgment of foreclosure or the order confirming the sale.

### V. ORDER FOR JUDICIAL SALE

1. The real estate is ordered sold in accordance with the statutory provision

by the United States Marshal or his representative.

    2.    Upon expiration of the redemption period, the real estate shall be sold by the United States Marshal for the Central District of Illinois at the front door of the _____ County Courthouse in the City of **Carthage**, Illinois, at the time announced by the United States Marshal as provided hereinbelow subject to easements and restrictions of record and taxes, general or special, due and owing to **Hancock** County, Illinois, in addition to the real estate transfer tax, shall be paid by buyer(s). Said property shall be sold to the highest bidder who shall pay ten percent (10%) of the bid purchase price at the time and place of sale by certified check tendered to the United States Marshal conducting the sale. The balance of the bid purchase price shall be paid by certified check received by the United States Marshal at 100 NE Monroe Street, Peoria, Illinois, 61602 within thirty (30) days of date of said sale. If the balance is not received within said time period, the ten percent (10%) payment made at time of sale shall be forfeited to the United States, the sale shall be void and a new sale shall be scheduled by the Court. No evidence of title will be provided.

    **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the United States Marshal for the Central District of Illinois give public notice of the sale as follows:

    a)    The notice of sale shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notice:

    i)    The name, address and telephone number of the person to contact for information regarding the real estate;

    ii)    The common address and other common description (other than legal description), if any, of the real estate;

    iii)    A legal description of the real estate sufficient to identify it with reasonable certainty;

    iv)    A description of the improvements on the real estate;

    v)    The real estate may be inspected prior to sale upon making reasonable arrangements with the person identified in paragraph i above;

    vi)    The time and place of the sale;

    vii)    The terms of the sale;

    viii)    The case title, case number and the court in which the foreclosure was filed; and

    ix) No other information is required.

  b) The notice of sale shall be published at least four consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 35 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by:

    i) An advertisement in a newspaper regularly issued and of general circulation to the general public in the county in which the real estate is located in the section of that newspaper where legal notices are commonly placed; and

    ii) No other publication shall be required.

  c) The party who gives notice of public sale shall also give notice to all parties in the action who have not heretofore been found by the court to be in default for failure to plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 28 days not less than seven days prior to the day of sale. After notice is given as required in this section, a copy thereof shall be filed in the Office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this section.

  d) The party who gives notice of a public sale shall again give notice of any adjourned sale; provided, however, that if the adjourned sale is to occur less than 30 days after the last scheduled sale, notice of any adjourned sale need be given only once, not less than 5 days prior to the day of the adjourned sale.

  e) Notice of the sale may be given prior to the expiration of the redemption period.

  f) No other notice by publication or posting shall be necessary.

  g) The person named in the notice of sale to be contacted for information about the real estate shall not be required to provide additional information other than that set forth in the notice of sale.

3. Division of Property. If the real estate is susceptible of division, the person conducting the sale may order it to be sold as necessary to satisfy this judgment. The person conducting the sale shall determine which real estate shall be sold and the person conducting the sale may determine the order in which separate tracts may be sold.

4. Certificate of Sale. Upon the sale of mortgaged real estate, the person

conducting the sale shall give a certificate of sale to the purchaser and cause such certificate of sale to be recorded. The certificate shall be freely assignable by endorsement thereon.

### VI. TRANSFER OF TITLE

1. Upon or after confirmation of sale, the person who conducted the sale or the court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

2. Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

### VII. APPLICATION OF PROCEEDS

The proceeds resulting from the sale ordered herein shall be applied in the following order:

1. The reasonable expenses of sale;

2. The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the real estate for sale, including payment of taxes and other governmental charges, management fees, and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, payments made pursuant to statute, and other legal expenses incurred by the mortgagee;

3. Satisfaction of claims in the order of priority adjudicated in this judgment of foreclosure; and

4. Remittance of any surplus to the mortgagor or as otherwise directed by the court.

### VIII. REDEMPTION - RESIDENTIAL

1. Only the owner of redemption may redeem from this foreclosure, and such owner of redemption may redeem only during the redemption period specified herein.

2. This is a foreclosure of a mortgage of residential real estate.

3.      The amount required to redeem shall consist of the Total Balance Due as declared above plus interest thereon at the statutory rate hereafter and all additional costs and other expenses allowed by the court.

4.      If the purchaser at the judicial sale of residential real estate is a mortgagee who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem pursuant to statute, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed, by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

5.      The above-described mortgaged real estate has been abandoned. Consequently, the redemption period pursuant to statute, shall end at the later of the expiration of the period of reinstatement as provided in statute, or 30 days after entry of this Judgment of Foreclosure, whichever is later.

## IX.    OTHER MATTERS

1.      **Report of Sale**.  The person conducting the sale shall file a report of sale with the Clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof.

2.      **Possession**.  In that (1) this property is abandoned; (2) the mortgagee has requested in its complaint that for good cause it be given possession of said property; (3) the mortgagee is authorized by the terms of its mortgage to take possession of said property; and (4) there is more than a reasonable probability that the mortgagee will prevail at the final hearing in this cause; THE MORTGAGEE PLAINTIFF, UNITED STATES OF AMERICA, IS ENTITLED TO IMMEDIATE POSSESSION OF SAID PREMISES PURSUANT TO STATUTE.  Since said property is abandoned, the mortgagors and all parties to this proceeding who are in possession of said mortgaged premises shall peaceably surrender possession of said property to the United States of America as mortgagee in possession.  In default of mortgagors so doing, an order of ejectment shall issue pursuant to statute.

3.      **Homestead Waiver**.  Defendant-mortgagors waived their right to homestead or other exemptions in said real estate in the body of said mortgage, which was duly signed and acknowledged, and said defendant-mortgagors are therefore barred from claiming any right to homestead or other exemptions in said real estate.

4.      **Deficiency**.  If the money arising from said sale shall be insufficient to pay the amounts due to plaintiff with interest and the costs and expenses of sale, the person conducting the sale shall specify the amount of such deficiency in the Report of Sale, and a judgment shall be entered therefor, if appropriate.

**AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that there is no

just reason for delaying the enforcement of this judgment, or an appeal therefrom.

    **ENTERED:** _October 13_, 2005.

                             s/Michael M. Mihm
                             **MICHAEL M. MIHM**
                             **UNITED STATES DISTRICT COURT JUDGE**